56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rogelio CASTRO, Defendant-Appellant.
 No. 95-3020.
(D.C. No. 92-3144)
 United States Court of Appeals, Tenth Circuit.
 June 6, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.
 
 
 2
 Rogelio Castro (Castro), an inmate of the Leavenworth Federal Penitentiary, appearing in forma pauperis, appeals the district court's Memorandum and Order of December 1, 1994, denying his 28 U.S.C. 2255 petition for a writ of habeas corpus.
 
 
 3
 On January 25, 1991, Castro was convicted, following a jury trial, of forcibly assaulting, resisting, opposing, impeding, intimidating or interference with a prison officer in violation of 18 U.S.C. 111. Castro was sentenced to 33 month incarceration to run consecutively with the sentence he was serving at the time of the assault. This court affirmed his conviction in United States v. Castro, 965 F.2d 279 (Table) (10th Cir.1992).
 
 
 4
 On April 13, 1992, Castro filed this 2255 motion in the district court alleging: (1) ineffective assistance of counsel based on trial counsel's failure to call two witnesses, failure to object to the peremptory challenge of Ms. Lopez or develop the record for a Batson[2] argument, failure to take photographs of his darkened cell, failure to object to the government's alleged interference with his efforts to call a defense witness, and failure to "condition" the jury during voir dire concerning inmate testimony; and (2) denial of due process based on governmental interference with a defense witness.
 
 
 5
 On appeal, Castro renews his claims of ineffective assistance of counsel based on trial counsel's failure to call two defense witnesses and denial of due process based on governmental interference with a defense witness.
 
 
 6
 After an evidentiary hearing, Castro's contentions were addressed and decided adversely to him by the district court in a thorough Memorandum and Order. Our review of the record shows that the district court did not err in denying Castro's petition for writ of habeas corpus.
 
 
 7
 We affirm substantially for the reasons set forth in the district court's Memorandum and Order of December 1, 1994, denying Castro's motion for writ of habeas corpus.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Batson v. Kentucky, 476 U.S. 79 (1986), forbids the prosecutor from challenging potential jurors solely on account of their race or on the assumption that members of that race as a group will be unable to impartially consider the State's case